IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY ROBLES-TELAS,

    Petitioner,

v.                              CIVIL ACTION NO. 2:14-cv-15
                                  (Judge Bailey)

WARDEN TERRY O'BRIEN

    Respondent.

REPORT AND RECOMMENDATION

I. Background

On February 21, 2014 the *pro se* petitioner, Anthony Robles-Telas ("Petitioner"), filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. Petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his conviction and sentence imposed in the United States District Court for the Western District of Texas. This matter is pending before the undersigned for an initial review and Report and Recommendation.

II. Facts[1]

In a two-count indictment returned in the Western District of Texas, Petitioner was charged with violation of the Controlled Substances Act, involving 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841, 846. (Dkt. No. 20). The Government subsequently filed an information for enhancement of punishment under 21 U.S.C. § 851, based on a prior felony conviction for a controlled substance violation out of Mississippi in May 2002, for which he received a 10 year suspended sentence. (Dkt. No. 32). On July 13, 2006, pursuant to a plea agreement, Petitioner pleaded guilty to Count One of the Indictment. (Dkt. Nos. 45, 47). On

---

[1] The facts are taken from Petitioner's Criminal Docket in the Western District of Texas. All document cites in this section refer to the Criminal Docket. See 3:06-cr-00596-DB-NJG available on PACER.

1

October 2, 2006, Petitioner was sentenced to one hundred sixty (160) months imprisonment. (Dkt. No. 69, p.2). Petitioner subsequently appealed, and on October 25, 2007, the Fifth Circuit Court of Appeals affirmed the judgment of the District Court. See United States v. Telas, No. 06-51341 (5th Cir. Oct. 30, 2007).

On June 29, 2007, while his direct appeal was still pending, Petitioner filed a motion to vacate under 28 U.S.C. § 2255. (Dkt. No. 132). The district court entered an order on August 15, 2007 denying and dismissing Petitioner's § 2255 motion as premature because the direct appeal was pending. (Dkt. No. 138). Petitioner appealed the district court's order. (Dkt. No. 139). On January 8, 2008, the Fifth Circuit dismissed the appeal for lack of jurisdiction. (Dkt. No. 148).

On November 4, 2008, Petitioner filed a second motion to vacate under 28 U.S.C. § 2255 asserting that his counsel provided constitutionally ineffective assistance based on multiple errors during the pretrial, plea, sentencing and appeal processes and that he was denied due process.(Dkt. No. 155). On February 25, 2011, the district court denied Petitioner's § 2255 motion and dismissed it with prejudice. (Dkt. No. 186). On April 25, 2011, Petitioner appealed the denial of his second § 2255 motion, and on May 9, 2011, he filed a Motion for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the district court. (Dkt. 192). On February 3, 2012, the Fifth Circuit upheld the district court's denial of Petitioner's second § 2255 motion finding that the district court was correct in determining the merits of the claims. (Dkt. No. 00511748048 at 2)[2]. Finally, on May 17, 2012, the district court denied Petitioner's § 2241 petition, finding that he failed to establish that the remedy under § 2255 was inadequate or ineffective. (Dkt. No. 194).

---

[2] Docket number in reference to appellate case number 11-50372 in 5th Circuit Court of Appeals.

## III. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar[3], the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

---

[3] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255.

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[4]

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In the instant case, Petitioner claims that the guilty plea and plea agreement are invalid because he did not enter into them knowingly because he was under the influence of morphine. Petitioner further claims that the judge abused his discretion and violated his rights when calculating the sentence. More specifically, Petitioner alleges that his sentence was enhanced with a four (4) level increase for "use of a minor" in the drug offense and obstruction of justice for escape attempts. He also contends that he was not given the two (2) level reduction suggested in the plea agreement for acceptance of responsibility.

Regardless of these claims, Petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements. This Petitioner has not, and cannot, do. Even if the petitioner satisfied the first and the third elements of Jones, the crime for which Petitioner was convicted remains a criminal offense, and therefore Petitioner cannot satisfy the second element of Jones. Therefore, because Petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, Petitioner has not

---

[4] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## IV. Recommendation

Based on the foregoing, the undersigned recommends Petitioner's §2241 petition be DENIED and DISMISSED WITH PREJUDICE.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 4, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE